UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Crescensio Videros,

     Plaintiff (s),

v.

Wes Industries, Inc.,

     Defendant,

_____/

## **COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Crescensio Videros, by and through the undersigned counsel, and hiseby sues Defendant Wes Industries, Inc., and alleges:

Jurisdiction Venues and Parties

1.    This is an action to recover monetary damages for unpaid overtime hours and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2.    Plaintiff Crescensio Vide is a Pinellas County, Florida, resident within the Honorable Court's jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3.      Corporate Defendant Wes Industries, Inc. (hiseinafter Defendant) is a

Florida corporation having a place of business in Sarasota County, Florida.

Defendant was and is engaged in interstate commerce.

4.      All the actions raised in this complaint took place in Sarasota County,

Florida, within this Court's jurisdiction.

<u>General Allegations</u>

5.      Plaintiff Crescensio Videros brings this cause of action as a collective

action to recover from the Defendant overtime compensation liquidated

damages, costs, and reasonable Attorney's fees under the provisions of Fair

Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the

"ACT"), on behalf of Plaintiff and all other current and former employees

similarly situated to Plaintiff ("the asserted class") and who worked in excess

of forty (40) hours during one or more weeks on or after February 24, 2023,

(the "material time") without being adequately compensated.

6.      Defendant Wes Industries, Inc. is a design-build environmental firm,

within the meaning of Section 3(s)(1)(B) of the FLSA. Therefore, Defendant

is an enterprise subjected to FLSA coverage.

7.      Defendant Wes Industries, Inc. employed Plaintiff Crescensio Videros

and 6 (six) other co-workers as a non-exempted, full-time employees from

February 14, 2023, to February 24, 2023.

8.    Plaintiff had a wage rate of $30.00 an hour. He was promised to be paid fairly for all his working hours.

9.    Plaintiff was assigned to work as a roofer at various jobsites in, Sarasota, Florida.

10.    Plaintiff's duties at the various jobsites consisted in the installation of new roofs.

11.    During his employment with Defendant, Plaintiff worked five days per week. Plaintiff worked approximately from 5:00 AM to 7:00 PM (12 hours per day). Plaintiff worked 60 hours per week.

12.    Plaintiff was supposed to be paid every week for his working hours at his regular rate of $30.00 an hour.

13.    Plaintiff worked very week in excess of 40 hours, but he was not paid for overtime hours, as required by law.

14.    Defendant did not have any method to track the number of hours that Plaintiff worked in violation of the Fair Labor Standards Act time keeping requirements.

15.    Therefore, Defendant willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16.     Defendant only paid Plaintiff once via a company check without paystubs or any records providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

17.      On or about February 24, 2023, Plaintiff complained to owner Anthony Deloach about his unpaid wages and overtime.  Mr. Deloach then fired Plaintiff for complaining about his unpaid wages.

18.     Plaintiff Crescensio Videros seeks to recover unpaid overtime wages accumulated during his employment period with Defendant, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

<u>Collective Action Allegations</u>

19.     Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20.     Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours every at the rate of time and one-half their regular rate.

21.     The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are

and were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT

22.    Plaintiff re-adopts every factual allegation as stated in paragraphs 1-24 above as set out in full hisein.

23.    This cause of action is brought by Plaintiff Crescensio Videros  as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24.    Defendant Wes Industries, Inc. was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant

is a design-build environmental firm. Therefore, there is enterprise coverage.

25.    Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as roofers.    Therefore, there is enterprise individual coverage.

26.    For the reasons stated above, Defendant Wes Industries, Inc. must comply with the minimum wage and overtime requirements of the FLSA.

27.    Defendant Wes Industries, Inc. employed Plaintiff Crescensio Videros as a non-exempted, roofer from February 14, 2023, to February 24, 2023.

28.    Plaintiff had a wage rate of $30.00 an hour.

29.    Plaintiff was assigned to work as a roofer at various jobsites.

30.    During his employment with Defendant, Plaintiff worked five days per week. Plaintiff worked approximately from 5:00 AM to 7:00 PM (12 hours per day). Plaintiff worked 60 hours per week.

31.    Plaintiff was supposed to be paid weekly for his working hours at his regular rate of $30.00 an hour.

32.    Every week Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

33.    Defendant did not have any method to track the number of hours that

Plaintiff worked in violation of the Fair Labor Standards Act time keeping requirements.

34.    Therefore, Defendant willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35.    Plaintiff was only paid once via a company check without paystubs or any records providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

36.    The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendant' possession and custody.  However, the Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37.    The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

39.    Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

40.    Plaintiff is not in possession of time and payment records, but he will provide a good-faith Statement of Claim soon.

41.    At all times, the Employers/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

42.    Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43.    Defendant Wes Industries, Inc. willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

44.     Plaintiff has retained the law offices of the undersigned Attorney to represent his in this action and is obligated to pay a reasonable Attorneys' fee.

Prayer for Relief

Wherefore, Plaintiff Crescensio Videros and those similarly situated respectfully request that this Honorable Court:

A.     Enter judgment for Plaintiff Crescensio Videros and other similarly situated individuals and against the Defendant Wes Industries, Inc. and Gloria Lecaro, based on Defendant' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.     Award Plaintiff Crescensio Videros actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff reasonable Attorney's fees and costs of suit; and

E.     Grant such other and furthis relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff A Crescensio Videros demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANT**

45.    Plaintiff Crescensio Videros re-adopts every factual allegation stated in paragraphs 1-24 of this complaint as if set out in full hisein.

46.    Defendant Wes Industries, Inc. was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a design-build environmental firm.   Therefore, there is enterprise coverage.

47.    Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked roofers.  Therefore, there is enterprise individual coverage.

48.    By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49.    29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

50.    Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51.    Defendant Wes Industries, Inc. and Gloria Lecaro employed Plaintiff Crescensio Videros as a non-exempted, full-time roofers from February 14, 2023, to March 24, 2023.

52.    Plaintiff had a wage rate of $30.00 an hour.

53.    Plaintiff was assigned to work as roofer installing new roof at various jobsites in Sarasota, Florida.

54.    During his employment with Defendant, Plaintiff worked from three to five days per week. Plaintiff worked 60 hours per week.

55.    Plaintiff was supposed to be paid weekly for his working hours at his regular rate of $30.00 an hour.

56.    Plaintiff worked every week in excess of 40 hours, but he was not paid for overtime hours, as required by law.

57.    Defendant did not have any method to track the number of hours that Plaintiff worked in violation of the Fair Labor Standards Act time keeping requirements.

58.     Therefore, Defendant willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

59.     Plaintiff was only paid once with a company check without paystubs or any records providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

60.     On or about February 24, 2023, Plaintiff complained to owner Anthony Deloach. Plaintiff requested to be paid for overtime hours.

61.     This complaint constituted protected activity under 29 U.S.C. 215(a)(3)

62.     However, after Plaintiff's complaint, Defendant fired Plaintiff.

63.     At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful retaliatory employment action to discharge Plaintiff.

64.     The termination of Plaintiff Crescensio Videros by the Defendant was directly and proximately caused by the Defendant' unjustified retaliation against Plaintiff because he complained about the lack of overtime payment, in violation of Federal Law.

65.     Defendant Wes Industries, Inc. willfully and maliciously retaliated against Plaintiff Crescensio Videros by engaging in a retaliatory action materially adverse to a reasonable employee and with the purpose of dissuading Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

66.     The motivating factor which caused Plaintiff Crescensio Videros to be fired from the business, as described above, was his complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been fired but for his complaints about overtime wages.

67.     Defendant' discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

68.     Plaintiff Crescensio Videros has retained the law offices of the undersigned Attorney to represent his in this action and is obligated to pay reasonable Attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff Crescensio Videros respectfully requests that this Honorable Court:

A. Enter judgment declaring that the constructive discharge of Plaintiff Crescensio Videros by Defendant Wes Industries, Inc. was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendant Wes Industries, Inc., awarding

Plaintiff Crescensio Videros liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and furthis relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff Crescensio Videros demands trial by a jury of all issues triable as of right by a jury.

Date: March 31, 2023,

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*